IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3198-D

| | | |
|---|---|---|
| DONALD E. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALVIN KELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Donald E. Davis ("Davis" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Compl. [D.E. 1]. Davis seeks leave to proceed in forma pauperis [D.E. 2]. On May 3, 2011, the court reviewed the complaint and allowed Davis's claim for deliberate indifference to a serious medical need to proceed against defendant Dr. Ron Bell [D.E. 8], and the clerk directed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to investigate plaintiff's claim [D.E. 9]. On July 29, 2011, Davis filed a motion for appointment of counsel and for refund of his filing fee [D.E. 19]. On August 1, 2011, NCPLS filed a response to the order of investigation, indicating that it had investigated plaintiff's complaint, determined that appointment of counsel is not warranted, and "provided advice and assistance to the plaintiff." [D.E. 20].

On August 31, 2011, defendant Bell filed a motion to dismiss [D.E. 22]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Davis about the motion, the consequences of failing to respond, and the response deadline [D.E. 24]. On September 28, 2011, Davis filed a corrected response in opposition to the motion to dismiss. Mem. Opp'n Mot. Dismiss [D.E. 27]. As explained below, the court grants Bell's motion to dismiss.

I.

Initially, the court addresses Davis's motion for appointment of counsel and for refund of the filing fee. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Neither the facts of this case, nor Davis's abilities present exceptional circumstances.

As for Davis's request that the court refund his filing fee, Davis seeks a refund because he has "no money to buy . . . food" and "only get[s] $50.00 every two to four months . . . which does not go to[o] far especially with medical and dental co-payments charges." [D.E. 19] 2. The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] **shall** be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."). Moreover, in the Fourth Circuit, prisons may not deduct more than twenty percent of a prisoner's monthly income to pay filing fees, and may not withdraw any money when an inmate's trust account falls below $10. Torres, 612 F.3d at 242 & n.2. A review of the docket indicates that Davis has paid $123.54 of the $350 filing fee, and that his most recent payment, on January 6, 2012, was for $20, which presumably indicates that his trust account held at least $100 on that date. Accordingly, the court denies Davis's motion for refund of the filing fee.

As for Bell's motion to dismiss, in analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P.

2

12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); cf. Fed. R. Evid. 201.

Davis alleges that on December 19, 2006, while incarcerated at Columbus Correctional Institution ("CCI"), he saw a urologist who "recommended . . . an IVP test and a test dealing with a camera" to evaluate Davis's kidneys and bladder. Compl. 9. On February 8, 2007, defendant Bell sought approval for the IVP test and a urine cytology test (but not the camera test) from the Department of Correction's Utilization Review Board, which approved the requested testing on February 14, 2007. See id.; Mem. Opp'n Mot. Dismiss 1. On March 6, 2007, Davis was sent to Central Prison to have the testing performed, and on March 13, 2007, Bell saw Davis to discuss the results of the testing, which "showed [Davis's] right kidney was not functioning right . . . ." Compl. 9. Bell "had a problem comprehending the results of the report and basically got mad when [Davis] asked him a question about the results, plus he was not to[o] happy about having to fill out all the

3

paperwork necessary to deal with it . . . ." Id. However, Bell "turn[ed] it over to [au]rologist to deal with." Id. On March 22, 2007, a CCI captain denied Davis's request for a transport to the emergency room because of severe pain in his right kidney, lower back and abdominal area; however, Bell examined Davis and "ordered some tests" and prescribed an antibiotic. Id. 10. At least one test Bell ordered—a blood test—was not performed until April 3, 2007. Id. On April 5, 2007, Davis saw a urologist as Bell requested. Id. 11. On April 12, 2007, Davis "was taken to Atlantic Diagnostic/Spine Center in Wilmington for a CT test and x-rays . . . ." Id. 12. On April 13, 2007, Davis saw a CCI nurse in sick call, but she would not tell Davis the results of any tests and "said that she was putting me in to see . . . Bell so he could tell me all of it . . . ." Id. Davis was also scheduled for "an appointment at Columbus Regional Hospital for a . . . renology test," but was transferred to Warren Correctional Institution on April 17, 2007, which caused further delays in his evaluation and diagnosis. Id.

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to prove such a claim, Davis "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Bell seeks dismissal on the ground that Davis has failed to allege that "Bell's conduct was motivated by evil intent," and has failed to allege "that the relatively brief delay in mere testing

4

during the early part of 2007 . . . result[ed] in any actual harm to plaintiff." Mem. Supp. Mot. Dismiss [D.E. 23] 8–9. Davis opposes dismissal on the ground that Bell "refused to put in the paperwork for the camera test that [a urologist] had requested." Mem. Opp'n Mot. Dismiss 3.

Davis has failed to state a claim for deliberate indifference to a serious medical need against Bell. Davis acknowledges that he received regular treatment from Bell, and his single allegation that Bell "basically got mad" during one appointment fails to show that Bell knew of and purposefully ignored "an excessive risk to inmate health or safety . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To the extent Bell did not order the exact tests requested by the urologist on one occasion, a disagreement between professionals over an inmate's course of treatment does not reflect deliberate indifference. See, e.g., United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Likewise, even if Bell was negligent as Davis contends, mere negligence does not state an Eighth Amendment claim. See, e.g., Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle, 429 U.S. at 105–06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986). Moreover, Davis's own allegations fail to demonstrate that any delay occasioned by Bell exacerbated his condition. See Webb v. Hamidullah, 281 F. App'x 159, 163–64, 167 (4th Cir. 2008) (per curiam) (unpublished).

II.

In sum, the court DENIES plaintiff's motion for appointment of counsel and for refund of the filing fee [D.E. 19] and GRANTS defendant Bell's motion to dismiss [D.E. 22]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 20 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge

5